UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ALVIN DAMPIER, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. C05-1954-MJP-MJB |
| | ) | |
| v. | ) | |
| | ) | |
| KING COUNTY SHERIFF'S DEPUTY | ) | SUPPLEMENTAL |
| DONAGLIA, *et al.*, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

This is a *pro se* civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in his amended complaint, filed on January 24, 2006, that defendants Chris Caven and Enrico Donaglia, both deputies with the King County Sheriff's Office, violated his constitutional rights when they arrested him in Seattle in March 2005. (Dkt. No. 9 at 3.) Plaintiff contends that defendants engaged in racial profiling, that they violated his rights to freedom of association and freedom of speech, and that they were negligent and caused him personal injury.[1] (*Id*.)

On August 9, 2006, defendants filed a motion for summary judgment. (Dkt. No. 26.) Plaintiff did not file a timely response to defendants' summary judgment motion. Plaintiff did submit a number

---

[1] A detailed recitation of the facts relevant to plaintiff's claims is set forth in this Court's original Report and Recommendation. (*See* Dkt. No. 33 at 2-3.)

REPORT AND RECOMMENDATION
PAGE - 1

of requests for extensions of time in this matter, both before and after defendants filed their summary judgment motion, but this Court refused to consider those requests because plaintiff failed to properly served them on counsel for defendants as required by the local rules of this Court. (*See* Dkt. Nos. 24, 25, 27, 28, 31, and 32.) On November 13, 2006, this Court issued a Report and Recommendation recommending that defendants' summary judgment motion be granted without ever receiving a response from the plaintiff to the motion. (Dkt. No. 33.)

Plaintiff subsequently filed objections to this Court's Report and Recommendation in which he noted this Court's refusal to grant him additional time to litigate this action, and requested that the matter be recommitted to this Court with instructions that he be allowed to file his opposition to defendants' summary judgment motion. (Dkt. No. 35.) On January 19, 2007, the Honorable Marsha J. Pechman, United States District Judge, issued an Order remanding the matter to this Court and directing this Court to establish a briefing schedule for plaintiff to respond to defendants' summary judgment motion. (Dkt. No. 37.) This Court thereafter established a briefing schedule and, on February 28, 2007, plaintiff submitted three documents in opposition to defendants' motion. Specifically, plaintiff filed a statement of disputed facts (Dkt. No. 40), a brief in opposition to defendants' motion (Dkt. No. 41), and a declaration in support of his brief in opposition (Dkt. No. 42). On March 2, 2007, defendants' filed a reply brief in support of their summary judgment motion. (Dkt. No. 45.)

This Court, having now reviewed defendants' original motion papers, plaintiff's submissions in response to defendants' motion, and defendants' reply brief, hereby supplements the analysis and conclusions set forth in its original Report and Recommendation as follows:

### 1. *Summary Judgment Standard*

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).

The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, __U.S.__, 127 S. Ct. 1769, 1776 (2007) (internal citation and quotation omitted). Conclusory allegations in legal memoranda are not evidence, and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *See Project Release v. Prevost,* 722 F.2d 960, 969 (2nd Cir. 1983).

### 2. False Arrest

Plaintiff asserts in his amended complaint that his arrest was motivated by improper considerations such as race and gender. (Dkt. No. 9 at 3.) Defendants argue in their motion for summary judgment that plaintiff's claims alleging racial profiling must be dismissed because defendants had probable cause to arrest plaintiff. (Dkt. No. 26 at 5-6.) As noted above, plaintiff has submitted three documents in opposition to defendants' summary judgment motion. Plaintiff's statement of factual issues contains no facts, but instead identifies the legal issues presented for consideration. (*See* Dkt. No. 40.)

Plaintiff's brief in opposition to defendants' summary judgment motion contains a brief argument in support of his position, but that argument is not entirely clear. Plaintiff argues in a conclusory fashion that his complaint establishes that defendants engaged in racial profiling. (Dkt. No. 41 at 7.) Plaintiff's amended complaint does not make such a showing. Moreover, a party opposing a

properly supported motion for summary judgment, such as the one filed by defendants in this action, may not rest upon the mere allegations in his pleadings. *See* Fed. R. Civ. P. 56(e). Plaintiff also appears to suggest in his brief that defendants, by way of admissions made by them in their motion papers and in their responses to plaintiff's discovery requests, conceded sufficient facts to demonstrate that their conduct violated Fourth Amendment standards.[2] (Dkt. No. 41 at 7-8.) However, the alleged "concessions" cited by plaintiff do not undermine defendants' argument that their conduct was lawful.

Plaintiff's final submission in opposition to defendants' summary judgment motion is a declaration which contains plaintiff's description of events on the night in question. (Dkt. No. 42.) While plaintiff's version of events differs slightly from that of defendants, those differences are not particularly significant. The parties appear to agree that on the evening of March 23, 2005, plaintiff was standing talking with a group of other black men near the entrance to the bus tunnel at Third Avenue and Yesler Way in downtown Seattle when a van pulled up and King County Sheriff deputies got out. (*See* Dkt. No. 26-3 at 5-6 and Dkt. No. 42 at 2.) Plaintiff states that there were about eight other black men in his group, while a police report prepared by defendant Craven indicates that the group consisted of only four men. (*Id.*) Plaintiff states that six King County Sheriff deputies jumped out of the van, while defendants' motion papers reflect that they were the only two deputies in the van. (*Id.*)

---

[2] Plaintiff also appears to argue that defendants failed to follow correct procedures for initiating a probable cause arrest. (*Id.* at 8-9.) Plaintiff cites to Washington Superior Court Rule CrR 2.2 to support his argument. (*Id.* at 9.) Rule CrR 2.2 sets forth the requirements for issuance of warrants of arrest and summons following the filing of a charging document. Rule CrR 2.2 simply does not apply here. No charges had been filed against plaintiff prior to his arrest. As explained in more detail below, plaintiff's arrest was based upon probable cause. Defendants were therefore not required to obtain a warrant before effectuating the arrest.

REPORT AND RECOMMENDATION
PAGE - 4

1          The parties appear to agree that defendants approached the group of men and that plaintiff was
2  the only one of the group contacted individually.  (*See* Dkt. No. 26-3 at 5-6 and Dkt. No. 42 at 2.)
3  Plaintiff states that after deputies approached him, they checked his mouth and pockets, but found no
4  cash, pipes, or drugs.  (Dkt. No. 42 at 2.)  Plaintiff further states that defendants told him to lay down
5  on the ground, that he complied with that directive, and that defendants then observed a pebble come
6  out of plaintiff's mouth which was found on the ground.  (*Id*.)  In contrast, defendants' motion papers
7  indicate that plaintiff, after being approached by defendants, refused a directive by defendant Craven to
8  open his mouth and that plaintiff appeared to be attempting to chew something that defendants had
9  seen him place in his mouth.  (Dkt. No. 26-3 at 6.)  Defendants' motion papers further indicate that
10 when plaintiff was subsequently directed to spit out what he had in his mouth he did so, and that a
11 small white rock fell from plaintiff's mouth onto the ground.  (*Id*.)  That white rock field tested
12 positive for the presence of cocaine.  (*Id*.)

13         The parties agree that defendants took plaintiff into custody at that time.  (Dkt. No. 26-3 at 6
14 and Dkt. No. 42 at 2.)  The parties also appear to agree that although plaintiff was booked into the
15 King County Jail on the night of March 23, 2005, charges were not filed against plaintiff until August
16 4, 2005, and that those charges were subsequently dismissed pursuant to a plea agreement.  (*Id*.)

17         This sworn evidence offered by plaintiff in his declaration in support of his opposition to
18 defendants' summary judgment motion is not sufficient to establish a genuine issue of material fact for
19 trial.  Plaintiff does not contradict the essential facts established by defendants which relate to whether
20 defendants had probable cause to effectuate plaintiff's arrest.  Specifically, plaintiff offers no evidence
21 of his own to refute defendants' evidence that defendant Caven saw two men make a hand to hand
22 transaction in a way that suggested that they were engaged in a drug deal, that plaintiff started to walk
23 away when he saw that defendants were watching him; that plaintiff was observed holding his right
24 hand in cupped manner as if he was trying to hide something; that defendants found a small rock of

25
26 REPORT AND RECOMMENDATION
   PAGE - 5

cocaine in plaintiff's immediate vicinity; and that these activities occurred in an area known to officers to be a high drug crime area and in which officers had made numerous previous drug arrests. (*See* Dkt. Nos. 26-2 at 13 and 26-3 at 5-6.)

While plaintiff denies that he was engaged in any drug related activities, this assertion alone does not create any genuine issue of material fact for trial with respect to plaintiff's Fourth Amendment claim. As this Court explained in its original Report and Recommendation, police have probable cause to make an arrest when "the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *See Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citations omitted). The evidence in the expanded record before the Court supports the conclusion that defendants, based upon their observations on the night of March 23, 2005, and their own experience, had probable cause to arrest plaintiff.

The alleged improper motives attributed to defendants by plaintiff does not invalidate defendants' objectively justifiable behavior. *See United States v. Whren*, 517 U.S. 806, 812-13 (1996) (an officer's motive in making an arrest does not invalidate objectively justifiable behavior under the Fourth Amendment). Likewise, the fact that the charges arising out of the March 23, 2005, incident were ultimately dismissed does not invalidate the arrest because the arrest was supported by probable cause at the time it was made. *See e.g.*, *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988). For the preceding reasons, this Court concludes that defendants are entitled to summary judgment with respect to plaintiff's claim of false arrest.

### *3.     Freedom of Association and Freedom of Speech*

Plaintiff alleges in a conclusory fashion in his amended complaint that defendants conduct violated his rights to freedom of association and to freedom of speech. (Dkt. No. 9 at 3.) However, plaintiff offers no specific argument to support such claims and the record is devoid of any evidence

which would suggest that plaintiff rights to freedom of association and speech were infringed by defendants' conduct.  Again, conclusory allegations are not evidence, and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *See Project Release v. Prevost,* 722 F.2d 960, 969 (2nd Cir. 1983). Defendants are therefore entitled to summary judgment with respect to these claims as well.

### *4.  State Tort Claims*

Finally, plaintiff alleges in his amended complaint that defendants' were negligent and that they caused him personal injury by inflicting emotional distress.  Though plaintiff does not explicitly allege any violation of state law, these claims appear to implicate state and not federal law.  Federal courts may exercise jurisdiction over pendent state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  However, it has been consistently recognized that pendent jurisdiction is a matter of discretion, not of plaintiff's right. *Id.*  In exercising its discretion, the Court must consider whether dismissing the pendent state law claims will comport with "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *Executive Software North Am. v. U.S. Dist. Court*, 24 F.3d 1545, 1554 (9th Cir. 1994).  When federal claims are eliminated during the early stages of a lawsuit, the balance of factors weighs in favor of dismissing the state law claims without prejudice. *Carnegie-Mellon*, 484 U.S. at 350.  Because defendants are entitled to summary judgment with respect to plaintiff's federal constitutional claims, this Court concludes that declining supplemental jurisdiction is consistent with the values of judicial economy, convenience, and fairness.  Thus, any intended state law claims should be dismissed as well.

//
//
//

REPORT AND RECOMMENDATION
PAGE - 7

*5.     Conclusion*

Based upon the foregoing, this Court once again recommends that defendants' motion for summary judgment be granted, and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 21st day of May, 2007.

                                                                            *[signature]*
                                                                            MONICA J. BENTON
                                                                            United States Magistrate Judge