1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3

4    ALVIN DAMPIER

5                      Plaintiff(s),

6         v.                                              NO. C05-1954-MJP-MJB

7    KING COUNTY SHERIFF'S DEPUTY          ORDER ON SUPPLEMENTAL
     DONAGLIA, *et al.*,                   REPORT AND RECOMMENDATION

8                      Defendant(s).

9

10

11        This matter comes before the Court based on Plaintiff's objections to the Magistrate Judge's

12   supplemental report and recommendation recommending dismissal of Plaintiff's § 1983 lawsuit.

13   Defendants, King County Sheriff's Deputies Enrico Donaglia and Chris Caven, ask the Court to dismiss

14   with prejudice Plaintiff's claims that 1) Plaintiff was falsely arrested, and 2) Defendants committed torts

15   against Plaintiff under state law.  This Court, having received and reviewed Plaintiff's objections to report

16   and recommendation (Dkt. No. 47), supplemental report and recommendation (Dkt. No. 46), summary

17   judgment motion (Dkt. No. 26), response (Dkt. No.'s 40, 41, & 42), reply (Dkt. No. 45), and all

18   documents submitted in support thereof, ADOPTS the Magistrate Judge's recommendation and GRANTS

19   Defendants' motion for summary judgment on Plaintiff's claims of false arrest and violations of Plaintiff's

20   freedom of association and freedom of speech. These claims are DISMISSED with prejudice.  This Court

21   also declines to assert pendent jurisdiction over Plaintiff's intended state tort claims, but corrects the

22   Magistrate Judge's recommendation and DISMISSES these claims without prejudice.

23

24

25

26   ORDER - 1

**Background**

Defendant Caven states that on March 23, 2005, he and Defendant Donaglia were on patrol in an unmarked police van near Third Avenue and Yesler Way in downtown Seattle when they observed a group of men standing against the entrance to the Pioneer Street Station bus tunnel. (Dkt. No. 26-2, 1.) Caven declares that he knew the area as a high drug crime area in which he and his partners had made numerous drug arrests. (Id. at 2.) He observed two males make a hand-to-hand transaction in "a manner [he] believed indicated a drug transaction." (Id.)

The male he observed receive the drugs was later determined to be Plaintiff Alvin Dampier. (Id.) He observed Plaintiff holding his right hand in a cupped manner as if to conceal an item. (Id.) As he and his partner exited the vehicle, Plaintiff moved his right hand to his mouth as if to put an item in his mouth. (Id.) Caven declares that his training and experience coupled with Plaintiff's behavior up to this point informed him that Plaintiff was attempting to conceal drugs and that Caven and his partner had probable cause to arrest Plaintiff. (Id.) Caven and Donaglia approached Plaintiff and told him to open his mouth, which Plaintiff refused to do. (Id.) Plaintiff then appeared to attempt to chew the item. (Id.) When Caven asked Plaintiff to spit out the item, Plaintiff did so and a small white rock fell from his mouth. (Id.) This rock later tested positive for the presence of cocaine. (Id.) Then Defendants arrested Plaintiff and transported him to the King County Jail. (Id.) The criminal case arising out of this March 23, 2005 incident was dismissed, without prejudice, pursuant to a plea agreement. (See Dkt. No. 26-1, 2.)

Plaintiff denies he was involved in any illegal activity and states that when the police searched him, they could not find any cash, pipes, or drugs. (Dkt. No. 42, 2.) They asked him to lay on the ground and when he complied with their directive, they stated that they saw a pebble come out his mouth. (Id.) Then they handcuffed him. (Id.)

The Magistrate originally recommended granting Defendant's summary judgment motion based on

ORDER - 2

1    Plaintiff's failure to file a response. (Dkt. No. 46 at 2.) Plaintiff objected to this recommendation and this

2    Court directed the Magistrate to give Plaintiff another opportunity to respond to the motion, (see Dkt.

3    No. 37.), which he did. (See Dkt. No.s 40, 41, & 42.) The matter came before the Court on the

4    Magistrate's supplemental Report and Recommendation that summary judgment be granted, that

5    Plaintiff's federal claims be dismissed, and that this Court decline to exercise pendent jurisdiction over any

6    remaining state law claims. (Dkt. No. 46 at 8.)

7                                                  **Discussion**

8     **I. Standard for Summary Judgment**

9            A party is entitled to summary judgment where the documentary evidence produced by the parties

10   permits only one conclusion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986). Summary

11   judgment is proper only where the pleadings, depositions, answers to interrogatories, and admissions on

12   file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving

13   party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson</u>, 477 U.S. at 247. The

14   court must draw all reasonable inferences in favor of the nonmoving party. <u>Lytle v. Household Mfg., Inc.</u>,

15   494 U.S. 545, 554-55 (1990).

16   **II. Summary judgment is granted for Plaintiff's claim of false arrest**

17           **A. § 1983 identifies the "material" facts in this case**

18           42 U.S.C. § 1983 provides the substantive law that informs the material facts of this case. <u>See</u>

19   <u>Anderson</u>, 477 U.S. at 248 ("Substantive law will identify which facts are material for purposes of

20   summary judgment, as only disputes over facts that might affect the outcome of the suit under the

21   governing law will properly preclude the entry of summary judgment.").  In order to maintain a claim

22   under § 1983, a plaintiff must show 1) that defendants were acting under color of state law, and 2) that

23   the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or

ORDER - 3

1    the laws of the United States. Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1988).

2        Both sides agree that Defendants were acting under color of state law. Defendants state that they were

3    "working together" (Dkt. No. 26 at 2) and "on patrol" when they observed Plaintiff (Dkt. No. 26-2 at 1),

4    so there is no disputed fact with regard to the first prong of the § 1983 claim. This case then turns on the

5    second prong.

6        **B. Defendants meet the initial burden of showing the absence of a material fact under a**
         **§ 1983 analysis**
7

8        Under the second prong of a § 1983 analysis, the existence of probable cause to arrest constitutes

9    justification and is a complete defense to an action for false arrest. See Dubner v. City & County of San

10   Francisco, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under § 1983 as

11   a violation of the Fourth Amendment, provided the arrest was without probable cause"). Defendants argue

12   that there was probable cause for arresting Plaintiff because of two reasons: 1) Defendants' observations

13   of Plaintiff's behavior in engaging a hand to hand transaction in a location known as a high crime area and

14   a manner typical of a person engaging in a drug transaction, and 2) Plaintiff's behavior in cupping his right

15   hand as if holding an item he wanted to hide, in placing that item in his mouth and attempting to chew it

16   up when the officers approached him and in refusing to take the item out of his mouth upon request. (Id.

17   at 5.)

18

19       The test for probable cause is an objective one. See Wayne R. LaFave & Jerold H. Israel, Criminal

20   Procedure § 3.3, 140 (2d ed. 1992). This objective test for probable cause was articulated by the Supreme

21   Court in Beck v. Ohio, 379 U.S. 89 (1964): police officers have probable cause to make an arrest when,

22   at the moment of arrest, "facts within their knowledge and of which they had reasonably trustworthy

23   information were sufficient to warrant a prudent man believing that [suspect] had committed or was

24   committing an offense." Id. at 91. All that is required to find probable cause is the *probability* of criminal

25

26   **ORDER - 4**

activity (U.S. v. McClain, 444 F.3d 556 (6th Cir. 2005)), not a prima facie showing of such activity. U.S. v. Martin, 690 F.2d 416 (4th Cir. 1982).

Defendants' observations of Plaintiff's behavior in light of their knowledge and experience as officers who had observed numerous drug transactions in the high-crime area and who had made numerous drug-related arrests there (Dkt. No. 26 at 5-6) pass the objective test for probable cause. Defendants' evidence demonstrates a defense against Plaintiff's claim for false arrest and thereby meets their initial burden of showing the absence of a material and triable issue of fact.

**C. Plaintiff cannot demonstrate that there is a genuine issue of material fact in Defendants' § 1983 defense**

Because Defendants have met their initial burden of showing the absence of a material issue of fact, the burden is on Plaintiff to present probative evidence that supports his claim of false arrest. See Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Specifically, Plaintiff must show that Defendants did not have probable cause to make the arrest. Plaintiff points to no genuine issue of material fact that shows an absence of probable cause.

Plaintiff's suggestion that Defendants admitted to certain facts amounting to a concession that they racially profiled him does not raise genuine issue of material fact. These alleged concessions only concern the facts that Defendants were "working together" in the place of arrest, that Plaintiff was arrested and taken to King County Jail, and that Plaintiff was charged. (Id.) Material facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248. These "concessions" are not material facts.

Similarly, inconsistencies between Plaintiff's facts and Defendants' facts do not raise genuine issues of material fact. Plaintiff states that six King County Sheriff deputies jumped out of the van (Dkt. No. 42 at 2.), while Defendants state that there were only two deputies. (Dkt. No. 26-3 at 5-6.) Defendants state that they approached Plaintiff and told him to open his mouth, which Plaintiff refused to do; Plaintiff then

ORDER - 5

appeared to attempt to chew the item; when asked to spit out the item, Plaintiff did so and a small white rock fell from his mouth. (Id.) On the other hand, Plaintiff states that there was nothing in his mouth. (Dkt. No. 42 at 2.) This inconsistency is a disputed fact, but it is only one among several factors that Defendants present to support their conclusion that there was probable cause. Even viewing this fact in the light most favorable to the Plaintiff, such a fact is not material as a reasonable jury will look to the overwhelming weight of the other factors (Defendants' observations of Plaintiff's behavior in engaging a hand to hand transaction in a location known as a high crime area and a manner typical of a person engaging in a drug transaction, and Plaintiff's behavior in cupping his right hand as if holding an item he wanted to hide) and would not find for Plaintiff.

Plaintiff's conclusory argument that his complaint establishes that Defendants engaged in racial profiling (Dkt. No. 41 at 7) does not raise a genuine issue of material fact. A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations in his pleadings. See Fed. R. Civ. P. 56(e).

The fact that Plaintiff's charges were ultimately dropped as part of a plea bargain does not raise a genuine issue of material fact. Plaintiff seems to suggest that the arrest violated the Fourth Amendment because the charges arising out of the arrest were ultimately dismissed. (Dkt. No. 41 at 8.) However, the "Constitution does not guarantee that only the guilty will be arrested." Baker v. McCollan, 443 U.S. 137, 145-46 (1979). The fact that the charges arising out of the March 2005 arrest were ultimately dismissed as part of a plea bargain does not invalidate the arrest because the arrest was supported by probable cause. See e.g., Criss v. City of Kent, 867 F.2d 259, 262 (6th Cir. 1988).

**D. Defendants are entitled to judgment as a matter of law**

Defendants have shown that they had probable cause to conduct the arrest. (See supra 4-5.) Because the arrest was based upon probable cause, Defendants' alleged illegitimate subjective motivations

ORDER - 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

are irrelevant for Fourth Amendment search and seizure purposes. <u>Whren v. U.S.</u>, 517 U.S. 806, 813 (1996); <u>see also</u>, <u>U.S. v. Wallace</u>, 213 F.3d 1216 (9th Cir. 2000) ("The fact that the alleged traffic violation is a pretext for the stop is irrelevant, so long as the objective circumstances justify the stop."). Nonetheless, the Court notes Defendants' uncontroverted testimony that officer safety and available resources compelled Defendants to arrest only Plaintiff (Dkt. No. 26-2 at 1-3 & Dkt. No. 26-3 at 1, 2), and their testimony that the other men in the area of arrest were of the same race and gender as Plaintiff. (Dkt. No. 42 at 2.)

Defendants also prevail as a matter of law because they are protected by their affirmative defense of qualified immunity. In the Ninth Circuit, when a police officer asserts qualified immunity as a defense against a Fourth Amendment claim, the court must analyze plaintiff's case under a two-part analysis. <u>Act Up!/ Portland v. Bagley</u>, 988 F.2d 868, 871 (9th Cir. 1993). First, the court must find that plaintiff has clearly established the right at issue and stated it with particularity. <u>Alexander v. County of Los Angeles</u>, 64 F.3d 1315, 1319 (9th Cir. 1995); <u>See also</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 ("The court's inquiry is nothing more than an examination of whether the actions at issue violated 'clearly established … constitutional rights.'"). Once plaintiff has shown that the law was "clearly established," Defendants thereafter carry the burden to show that their conduct was reasonable. <u>Romero v. Kitsap County</u>, 931 F.2d 624, 627 (9th Cir. 1991). Plaintiff prevails if 1) probable cause cannot be established, and 2) the officers did not reasonably believe in good faith that probable cause did exist. <u>Maag v. Wessler</u>, 993 F.2d 718, 720 (9th Cir. 1993). However, even absent probable cause, qualified immunity is available if a reasonable police officer could have believed that his conduct was lawful. <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1443 (9th Cir. 1991).

Plaintiff has established the "right at issue" as his Fourth Amendment right, but Defendants have shown that there was probable cause for Plaintiff's arrest and that Defendants reasonably believed in good

ORDER - 7

faith that probable cause existed. Plaintiff suggests that his § 1983 claim of false arrest implicates his Fourth Amendment right as Defendants allegedly racially profiled Plaintiff in arresting him. (Dkt. No. 7 at 5.) However, in light of the Court's findings above, a reasonable officer would have believed that Defendants had probable cause because of Defendants' observations of Plaintiff's actions in light of Defendants' knowledge and experience. (Dkt. No.'s 26 at 5-6, 26-2 at 1-3, & 26-3 at 1-2.)

Defendants' conduct was reasonable under the second prong of the qualified immunity analysis because probable cause existed and a reasonable officer would have believed that there was probable cause for arrest. Defendants are entitled to judgment as a matter of law on the basis of their qualified immunity. This Court dismisses Plaintiff's false arrest claims with prejudice.

### III. Summary judgment is granted for Plaintiff's remaining federal law claims because Defendants are entitled to qualified immunity

This Court declines to adopt Magistrate's recommendation that Plaintiffs' First Amendment claims should be dismissed on the grounds that Plaintiff makes conclusory allegations. (Dkt. No. 46 at 6.) Defendants do not request this Court to dismiss Plaintiff's First Amendment claims in their summary judgment motion. (See Dkt. No. 26.) Accordingly, Plaintiff may rest on his allegations on his First Amendment claim.

Nonetheless, considerations of judicial economy dictate that this Court dismiss Plaintiff's First Amendment claims sua sponte on the grounds that Defendants are entitled to qualified immunity. Plaintiff's complaint has established the "rights at issue" as his First Amendment rights to freedom of association and freedom of speech (Dkt. No. 7 at 6.); see Harlow, 457 U.S. at 818. But Defendants have shown that there was probable cause for Plaintiff's arrest (see supra 4-5; see also Romero, 931 F.2d at 627), and that Defendants reasonably believed in good faith that probable cause existed. See supra 4-5; see also Fuller, 950 F.2d at 1443. Accordingly, Defendants are entitled to qualified immunity from

ORDER - 8

Plaintiff's First Amendment claims. Compare Orin v. Barclay, 272 F.3d 1207, 1216 (9th Cir. 2001) (Police officers who arrested student organizing protest on college campus were protected by qualified immunity in student's § 1983 action alleging violation of his First Amendment rights). This Court dismisses Plaintiff's First Amendment claims with prejudice on that ground.

**III. This Court should not exercise jurisdiction on Plaintiff's state tort claims**

This Court dismisses any state law claims intended by Plaintiff. Plaintiff alleges that Defendants were negligent and caused him personal injury by inflicting emotional distress. (Dkt. No. 7.) Though Plaintiff does not explicitly allege any violation of state law, these claims appear to implicate state law, and not federal law. The exercise of pendent jurisdiction is a matter of discretion dictated by considerations of economy, convenience and fairness. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims must be dismissed as well. Id. With the dismissal of Plaintiff's federal claims, there is no justification for adjudicating his remaining state law claims.

However, to the extent that the Magistrate Judge recommends dismissal of Plaintiff's state law claims with prejudice, this Court declines to follow that recommendation. When a court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice. See Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 (1988)). Accordingly, this Court dismisses Plaintiff's intended state law claims without prejudice.

<u>**Conclusion**</u>

On Plaintiff's claim of false arrest, Plaintiff has not raised a genuine issue of material fact, and Defendants are entitled to judgment as a matter of law because they had probable cause for the arrest and are entitled to qualified immunity. Plaintiff's First Amendment claims that Defendants' conduct violated

ORDER - 9

his rights to freedom of association and freedom of speech are dismissed because Defendants are entitled to qualified immunity. This Court dismisses both the false arrest claim and First Amendment claim with prejudice.

This Court declines to assert pendent jurisdiction over Plaintiff's intended state tort claims because Plaintiff's federal claims are dismissed before trial. The Court dismisses the intended state tort claims without prejudice.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August _2_ 2007

_\s Marsha J. Pechman_____

Marsha J. Pechman
United States District Judge

ORDER - 10